IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KERRI GRIMLEY,<br><br>          *Plaintiff,*<br><br>v.<br><br>PROGRESSIVE ADVANCED INSURANCE COMPANY, MILBANK INSURANCE COMPANY d/b/a STATE AUTO, and STATE AUTO INSURANCE COMPANIES d/b/a STATE AUTO,<br><br>          *Defendants.* | CIVIL ACTION<br><br>NO. 25-3111 |

**Pappert, J.**                                                                                                                             November 26, 2025

## MEMORANDUM

On January 25, 2022, a Jeep driven by Cassidy Russo hit Kerri Grimley's vehicle, injuring her. (Am. Compl. ¶ 1, Dkt. No. 16.) Grimley settled with Russo's insurance carrier and then sought underinsured motorist benefits from Progressive Advanced Insurance Company, State Auto Insurance Companies and Milbank Insurance Company. (*Id.* ¶¶ 28–31.) Milbank provides stacked UIM benefits to John and Joyce Grimley, and Grimley contends those benefits should apply to her because she resided with John and Joyce at the time of the accident. (*Id.* ¶¶ 38–44.) Milbank, along with the other carriers, denied coverage. (*Id.*)

Grimley sued Progressive, State Auto, and Milbank, asserting claims for declaratory relief, breach of contract, and bad faith resulting from the denial of underinsured motorist benefits. *See generally* (Compl., Dkt. No. 1-4). The Court dismissed the declaratory relief claim with prejudice and bad faith claim without

prejudice because the former sought relief duplicative to her breach of contract claim and the latter relied on conclusory allegations. *See Grimley v. Progressive Advanced Ins.*, No. 25-3111, 2025 WL 2414162, at *1 (E.D. Pa. Aug. 20, 2025). In her Amended Complaint, Grimley alleges breach of contract as well as common law and statutory bad faith. (Am. Compl. at 12, 14, 18.) Milbank again moved to dismiss her bad faith claim and strike portions of the Amended Complaint related to "extra-contractual" allegations. (Mot., Dkt. No. 17.)

The Court grants the motion in part, dismissing the common law and statutory bad faith claims with prejudice. Grimley's amended pleading adds more conclusory assertions with no facts alleged to support them. The purported extra-contractual allegations could relate to Grimley's breach of contract claim so the Court will not strike them.

I

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads facts from which the Court can infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although this "plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Assessing plausibility under *Twombly* and *Iqbal* is a three-step process. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Step one is to "take

note of the elements the plaintiff must plead to state a claim." *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 675).  Next, the Court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679).  Finally, for all "well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).  If the well-pleaded facts do not nudge the "claims across the line from conceivable to plausible," the Court must dismiss the complaint. *Twombly*, 550 U.S. at 570.

## II

Grimley first asserts "common law bad faith, *i.e.*, the breach of the duty of good faith and fair dealing."  (Pl.'s Opp'n to Mot. at 18 (citation modified).)  But such a claim is "subsumed within a breach of contract claim." *Burton v. Teleflex, Inc.*, 707 F.3d 417, 432 (3d Cir. 2013) (quoting *LSI Title Agency, Inc. v. Evaluation Servs., Inc.*, 851 A.2d 384, 392 (Pa. Super. Ct. 2008)); *Tubman v. USAA Cas. Ins. Co.*, 943 F. Supp. 2d 525, 529 (E.D. Pa. 2013) (collecting cases); *Fingles v. Continental Cas. Co.*, No. 8-5943, 2010 WL 1718289, at *3 (E.D. Pa. Apr. 28, 2010) (collecting cases); *CRS Auto Parts, Inc. v. Nat'l Grange Mut. Ins.*, 645 F. Supp. 2d 354, 369–70 (E.D. Pa. 2009); *see also Landan v. Wal-Mart Real Est. Bus. Tr.*, 775 F. App'x 42–43 (3d Cir 2019) ("The Pennsylvania courts have made clear—and our Court has recognized—that Pennsylvania does not allow an action for a breach of the covenant of good faith and fair dealing separate from a breach of contract claim.").

Grimley next contends Milbank violated Pennsylvania's bad faith statute, *see* (Pl.'s Opp'n to Mot. at 16), which provides that a court may award interest, punitive damages, and attorneys' fees if it "finds that the insurer has acted in bad faith toward the insured." 42 Pa. Stat. & Cons. Stat. Ann. § 8371. Courts have defined "bad faith" as "any frivolous or unfounded refusal to pay proceeds of a policy." *Keefe v. Prudential Prop. & Cas. Ins.*, 203 F.3d 218, 225 (3d Cir. 2000) (citation omitted). To recover on a bad faith claim, a claimant is required to show by clear and convincing evidence: "(1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *Rancosky v. Wash. Nat'l Ins.*, 170 A.3d 364, 377 (Pa. 2017); *see also Post v. St. Paul Travelers Ins.*, 691 F.3d 500, 522 (3d Cir. 2012) (citation omitted).

Various actions by an insurer can rise to the level of bad faith, such as "lack of investigation into the facts[] or a failure to communicate with the insured." *Hamm v. Allstate Prop. & Cas. Ins.*, 908 F. Supp. 2d 656, 669 (W.D. Pa. 2012) (citation omitted); *Corch Constr. Co. v. Assurance Co. of Am.*, 64 Pa. D. & C.4th 496, 515 (Pa. Ct. C.P. Oct. 28, 2003). However, "mere negligence or bad judgment does not constitute bad faith; knowledge or reckless disregard of a lack of a basis for denial of coverage is necessary." *Post*, 691 F.3d at 523 (citing *Frog, Switch & Mfg.*, 193 F.3d. at 751 n.9).

Grimley claims Milbank violated the statute by conducting its own medical examinations "outside the confines of formal litigation." (Am. Compl. ¶¶ 98–99.) An insurer does not act in bad faith by "investigating and litigating legitimate issues of coverage." *Simon Wrecking Co. v. AIU Ins.*, 530 F. Supp. 2d 706, 717 (E.D. Pa. 2008) (citation omitted). Milbank is not obligated to accept Grimley's medical reports at face

4

value.  *See Carr v. Travelers Home & Marine Ins.*, 700 F. Supp. 3d 288, 298 (E.D. Pa. 2023).

Grimley also argues that Milbank delayed its investigation and failed to communicate with her.  (Am. Compl. ¶¶ 101, 103.)  Less than five months passed from Grimley's January 6 demand letter and the filing of her state court complaint on May 19.  (*Id.* ¶¶ 98, 103); (Compl. at 27); *Young v. State Farm Auto. Ins.*, 614 F. Supp. 3d 153, 156–57 (E.D. Pa. 2022) ("[C]ourts have generally only inferred plausible knowledge or reckless disregard where the time periods of delay were much longer than six months" (citation omitted)); *Grossi v. Travelers Pers. Ins.*, 79 A.3d 1141, 1149 (Pa. Super. Ct. 2013) (finding that a one-year delay was "not *per se* bad faith"); *Bernstein v. Geico Cas. Co.*, No. 19-CV-1899, 2020 WL 1308226, at *4 (E.D. Pa. Mar. 19, 2020) (finding no bad faith when an insurer delayed its investigation for fifteen months).

Grimley then alleges Milbank ignored her purported proof that she was living with John and Joyce Grimley at the time of the accident.  *See* (Am. Compl. ¶¶ 106–111).  She references a February 18, 2025 email with attachments from her counsel to Bill Erickson at Liberty Mutual,[1] *see* (Praecipe, Dkt. No. 19), and a similar email on June 30 from her counsel to Milbank's, *see* (Am. Compl. Ex. E, Dkt. No. 16-1).  These exhibits only allow for the inference that Grimley operated an Airbnb in Philadelphia—not that Milbank lacked a reasonable basis for denying her UIM benefits or did so knowingly or recklessly.  *See Baxley v. State Farm Mut. Auto. Ins. Co.*, No. 20-cv-5512, 2021 WL

---

[1] An attachment to the Amended Complaint suggests Erickson worked at both Liberty Mutual and State Auto, *see* (Am. Compl. Ex. C, Dkt. No. 16-1), but Grimley never alleges as much, nor does she clarify how Erickson relates to Milbank.

149256, at *3 (E.D. Pa. Jan. 15, 2021) ("The fact that [Plaintiff] provided Defendant with supporting documents regarding her claim does not alone indicate bad faith.").

Grimley's remaining allegations are conclusory, including that Milbank:

- Never examined materials from Grimley's suit against Russo;

- Engaged in unfair or deceptive practices;

- Failed to promptly evaluate Grimley's UIM claims;

- Violated the Unfair Insurance Practices Act and the Unfair Claims Settlement Practices;

- Acted in a dilatory and obdurate manner;

- Elevated its own interests above Grimley's;

- Breached fiduciary duties owed to Grimley; and

- Violated its own internal policies and procedures.

(Am. Compl. ¶¶ 100, 111.)  As the Court previously held, such allegations fail to plausibly state a claim under Pennsylvania's bad faith statute.  *See, e.g.*, *Smith v. State Farm Mut. Auto. Ins.*, 506 F. App'x 133, 136 (3d Cir. 2012); *Barbor v. State Farm Fire & Cas. Co.*, No. 24-521, 2024 WL 3678660, at *5 (E.D. Pa. Aug. 6, 2024); *Camp v. N.J. Mfrs. Ins.*, No. 16-1087, 2016 WL 3181743, at *5–6 (E.D. Pa. June 8, 2016); *Pasqualino v. State Farm Mut. Auto. Ins.*, No. 15-77, 2015 WL 3444288, at *3 (E.D. Pa. May 28, 2015).

### III

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if

6

the allegations confuse the issues in the case." *Davis v. Cont. Ass'n E. Pa.*, No. 25-1070, 2025 WL 2250262, at *1 (E.D. Pa. Aug. 6, 2025) (citations omitted).

Milbank moves to strike "extra-contractual" allegations from the Amended Complaint, *see* (Mot. at 5), such as that it failed to reasonably investigate Grimley's claims, owed her a contractual, fiduciary and statutory duty to do so, and thus acted wrongfully, wantonly and willfully, *see* (Am. Compl. ¶¶ 1, 69, 72–74, 78, 80–81). These allegations all sound in bad faith. *See Hamm*, 908 F. Supp at 669 (finding that bad faith can be a "lack of investigation into the facts[] or a failure to communicate with the insured") (citation omitted); *Post*, 691 F.3d at 523 (citing *Frog, Switch & Mfg.*, 193 F.3d at 751 n.9) (finding that bad faith requires "knowledge or reckless disregard of a lack of a basis for denial of coverage"). And because Grimley's common law bad faith claim is subsumed in her breach of contract claim, *see supra* Part III, these allegations possibly relate to Grimley's action.

IV

Courts should freely give leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule expresses "a preference for liberally granting leave to amend" unless "amendment would cause undue delay or prejudice, or that amendment would be futile." *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The decision of whether to grant or deny leave to amend is within the sound discretion of the district court. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001). Grimley has now had two chances to allege facts that would state a

7

claim the Court again now dismisses, so it would be futile for her to attempt to allege a bad faith claim a third time.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.